## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER AUGUSTINE,                                    :
*on behalf of himself and all others similarly*          :
*situated*,                                               :
                                                          :
                    Plaintiff,                            :   Case No. 2:21-cv-24
                                                          :
          v.                                              :
                                                          :
THE LAW OFFICE OF                                         :
HAYT HAYT & LANDAU, LLC,                                  :
                                                          :
                    Defendant.                            :

Filed on Behalf of Plaintiff:
Christopher Augustine

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:   (412) 545-3015
Facsimile:   (412) 540-3399
E-mail:       jward@fentersward.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER AUGUSTINE,                      :
                                            :
              Plaintiff,                     :
                                            :
       v.                                    :   Case No. 2:21-cv-24
                                            :
THE LAW OFFICES OF                           :
HAYT, HAYT & LANDAU, LLC,                    :
                                            :
              Defendant.                     :
                                            :

**CLASS ACTION COMPLAINT**

AND NOW, comes Plaintiff, Christopher Augustine, on behalf of themselves and all others

similarly situated, by and through the undersigned counsel, The Law Firm of Fenters Ward and,

specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action

against Defendant, The Law Offices of Hayt, Hayt & Landau, LLC, of which the following is a

statement:

**PARTIES**

1.      Plaintiff, Christopher Augustine (hereinafter "Christopher Augustine"), is an adult

individual who currently resides at 1665 Potomac Avenue, Pittsburgh, Pennsylvania 15216.

2.      Defendant, The Law Offices of Hayt, Hayt & Landau, LLC, (hereinafter "HH&L"),

is a limited liability corporation with its principal place of business located at Two Industrial Way

West, Eatontown, New Jersey, 07724-0500.

1

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4.      Venue is proper pursuant to 28 U.S.C. § 1391 as this district and division is where Defendant is subject to jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and where a substantial part of the events and omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACT

### A. Capital One Bank vs. Christopher Augustine

5.      On August 3, 2017, Capital One Bank, filed a Civil Complaint against Christopher Augustine in Magisterial District Court at Docket Number: MJ-05219-CV-0000142-2017. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      On November 4, 2019, The Law Firm of Fenters Ward served Capital One Bank with a letter, (hereinafter, the "First Dispute Letter") wherein Capital One Bank was informed of the disputed nature regarding the alleged debt and that Christopher Augustine was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

7.      In response to the aforesaid lawsuit, Christopher Augustine engaged The Law Firm of Fenters Ward for representation.

8.      This First Dispute Letter stated that Christopher Augustine "denie[d] owing Capital One Bank (USA), N.A. any amount of money" and informed Capital One Bank that Christopher Augustine disputed any and all "Debts" Capital One Bank claimed to possess. See Exhibit "B".

9.      "Debts" as defined within the First Letter of Dispute delineated and included "any related debt(s) and/or credit account(s) your company [Capital One Bank] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10.     Furthermore, Capital One Bank was directed to cease and desist from contacting Christopher Augustine directly. See Exhibit "B".

11.     On November 4, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Christopher Augustine's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

12.     On December 11, 2019, a Civil Action Hearing was held before the Honorable Blaise P. Larotonda, Magisterial District Judge. See Exhibit "A".

13.     On December 11, 2019, at the conclusion of the Civil Action hearing, Judge Blaise P. Larotonda granted a JUDGMENT FOR DEFENDANT in favor of Christopher Augustine and against Capital One Bank. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "D".

14.     On January 7, 2020, Capital One Bank, through HH&L, filed a Notice of Appeal and Rule to File Complaint in the Court of Common Pleas of Allegheny County at case number AR-20-000076. A true and correct copy of the Notice of Appeal and Rule to File Complaint is attached hereto, made a part hereof, and marked as Exhibit "E".

15.     Capital One Bank and HH&L filed the abovementioned Notice of Appeal, Rule to File Complaint, and Complaint within the Arbitration Division of the Court of Common Pleas of

Allegheny County. A true and correct copy of the docket is attached hereto, made a part hereof, and marked as Exhibit "F".

16.     On January 7, 2020, Capital One Bank, through HH&L, filed its complaint, (hereinafter, the "Complaint") from Magistrate District Judge Decision. A true and correct copy of the complaint is attached hereto, made a part hereof, and marked as Exhibit "G".

17.     The Complaint included a "**<u>NOTICE TO DEFEND</u>**" and stated

> "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lost money or property or other rights important to you.

> **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

> **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

> Lawyer Referral Service
> 3rd Floor Koppers Building 436 Seventh Avenue
> Pittsburgh, PA 15219
> Telephone: (412) 261-5555
> www.acbalrs.org"

18.     The Complaint further included an equivalent provision translated in the Spanish language. See Exhibit "G".

19.     Local Rule 1303 of Allegheny County requires every complaint filed in Compulsory Arbitration to contain a "Duty to Appear at Arbitration Hearing" provision delineated below:

**DUTY TO APPEAR AT ARBITRATION HEARING**

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD <u>AT THE SAME TIME AND DATE</u> BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. <u>THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE</u>.

**NOTICE:     You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you <u>before the hearing</u>.**

**If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is <u>no right to a trial de novo on appeal from a decision entered by a judge</u>.**

Local Rule 1303 of Allegheny County Family and Civil Rules.

20.     The Complaint filed by HH&L failed to comply with this abovementioned rule as the Complaint lacked the Notice of Duty to Appear at Arbitration Hearing. See Exhibit "G".

21.     The Complaint failed to include any of the language encompassed within the Notice of Duty to Appear at Arbitration Hearing as required by Rule 1303. See Exhibit "G".

22.     The Complaint failed to include language indicating the consequences of a party's failure to appear at the hearing and that the matter may continue to be heard without the absent party. See Exhibit "G".

23.     The Complaint failed to include language indicating the lack of right to a trial de novo on appeal by a decision rendered within the arbitration division. See Exhibit "G".

24.     The Complaint further failed to include a specific and separate notice formatted in bold print font required by Rule 1303. See Exhibit "G".

5

25.     The Complaint failed to include a specific and separate notice delineating, in bold print font, the consequences of failing to respond to the complaint within twenty days. See Exhibit "G".

26.     The Complaint failed to include a specific and separate notice delineating, in bold print font, the consequences of failing to appear at the arbitration hearing and the lack of a right to a trial de novo. See Exhibit "G".

27.     By willfully failing to include this Notice of Duty to Appear, HH&L engaged in unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

28.     HH&L's actions constitute false, deceptive, and misleading means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e of the FDCPA.

29.     HH&L's actions violative of the aforementioned local rules constituted an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

30.     HH&L's constitute the use of any false representations and deceptive means in an attempt to collect any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

## CLASS ALLEGATIONS

31.     Plaintiff brings these claims on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individual to whom Defendant initiated litigation against in the Arbitration Division of the Court of Common Pleas of Allegheny County whereupon Defendant failed to include a "Duty to Appear at Arbitration Hearing" Notice as required by Local Rule 1303 of Allegheny County.

32.     Excluded from the class is Defendant HH&L as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

33.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

34.     Questions of law and fact common the Plaintiff class, predominate over any issues involving only individual class members. The primary issues concern: Defendant's willful failure to comply with the abovementioned rule and whether said failure to comply constituted a false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA; and Defendant's willful failure to include the requisite notice in conformity with the abovementioned rule and whether said conduct constitutes an unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

35.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because of a well-defined public interest in this litigation:

36.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons where Defendant has utilized the abovementioned false, deceptive, unfair, and unconscionable means in an attempt to collect a debt.

37.     The identities of all class members are readily ascertainable from the records of Defendant and those individual to whom Defendant has instigated litigation against within the Allegheny County. Further, the identities of all class members are readily ascertainable from the pleadings Defendant has filed which lack the requisite notice.

38. **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a. Whether Defendant's failure to comply with the Court of Common Pleas of Allegheny County local rules constituted a false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) of the FDCPA.

b. Whether Defendant's willful failure to include the requisite notice in with the abovementioned local rule constituted an unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA

39. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

40. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the other class members Plaintiffs seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; Plaintiffs intend to prosecute this action vigorously; and Plaintiffs' counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiffs and Plaintiff's' counsel.

## **CAUSES OF ACTION**

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692, et seq.

41.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully

set forth at length herein.

42.     There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

individual privacy. 15 U.S.C. 1692(a).

43.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by

debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e).

44.     Christopher Augustine is a "consumer" as defined by § 1692a(3) of the FDCPA.

45.     HH&L is a "debt collector" as defined by § 1692a(6) of the FDCPA.

46.     The Third Circuit has held that the FDCPA is to be enforced by private attorney

generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

47.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

48.     Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt.

9

15 U.S.C. § 1692f of the FDCPA.

49.     On January 7, Capital One Bank, through HH&L, filed its Complaint from Magistrate District Judge Decision. See Exhibit "G".

50.     Capital One Bank and HH&L filed its Complaint in the Arbitration Division of the Court of Common Pleas of Allegheny County. See Exhibit "F".

51.     Local Rule 1303 of Allegheny County require every complaint filed in Compulsory Arbitration to contain "a Notice of Hearing Date, Notice to Defend and Notice of Duty to Appear at Arbitration Hearing." Local Rule 1303 of the Allegheny County Family and Civil Rules.

52.     The Complaint filed by HH&L failed to comply with Local Rule 1303 as the Complaint failed to include the Notice of Duty to Appear at Arbitration Hearing as specifically delineated and required by Rule 1303. See Exhibit "G".

53.     The Complaint at issue included a "**<u>NOTICE TO DEFEND</u>**" and stated

> "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lost money or property or other rights important to you.

> **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

> **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH**

**INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A
REDUCED FEE OR NO FEE.**

Lawyer Referral Service
3rd Floor Koppers Building 436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
www.acbalrs.org"

54.     The Complaint further included an equivalent provision translated in the Spanish language. See Exhibit "G".

55.     Absent from the Complaint, filed by HH&L, was any language required by Rule 1303 informing Christopher Augustine of the rights, obligations, and ramifications of an appearance, or lack thereof, at the arbitration hearing. See Exhibit "G".

56.     HH&L failed to include the required language indicating "THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES." See Exhibit "G".

57.     HH&L failed to delineate that "THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE" as dictated by Rule 1303. See Exhibit "G".

58.     HH&L failed to include a notice in bold print font, as specifically formatted by Rule 1303, indicating "You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing." See Exhibit "G".

59.     HH&L failed to include a notice in bold print font, as specifically formatted by Rule 1303,  indicating "If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge." See Exhibit "G".

60.      By willfully failing to comply with Rule 1303 and willfully excluding the language required in the Notice of Duty to Appear, HH&L engaged in unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

61.      HH&L's willful exclusion of the language failed to inform Christopher Augustine of the rights, obligations, and ramifications encompassed within participation of the arbitration division of the civil system.

62.      The exclusion of the language required by Rule 1303 thereby constituted false, deceptive, and misleading representations in connection with the collection of any debt in violation of 15 U.S.C. § 1692e of the FDCPA.

63.      HH&L's actions violative of the aforementioned local rules constituted an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

64.      Furthermore, the natural consequence of HH&L's exclusion of the necessary language required by Rule 1303 constituted a false representation and deceptive means in an attempt to collect any debt and thereby violated 15 U.S.C. § 1692e(10) of the FDCPA.

65.      Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

66.      Here, the only natural consequence of HH&L's acts of engaging in false, deceptive, misleading, unfair, and unconscionable means in an attempt to collect a debt was to harass, oppress, and abuse Christopher Augustine.

67.      As such, HH&L's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

68.      Section 1692k(a) of the FDCPA provides, in relevant part:

12

…any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

69.     As a direct and proximate result of HH&L's violations of the FDCPA, as set forth above, Christopher Augustine has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Christopher Augustine, on their own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, The Law Office of Hayt, Hayt & Landau, LLC, as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D.  Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other

members of the class;

E.  Ordering Defendants to pay both pre- and post-judgment interest on any amounts

awarded; and

F.  Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: January 7, 2021                        By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff